PUBLIC SERVICE COMPANY OF INDIANA, INC., Appellant (Defendant/Third Party Plaintiff Below),

v.

MILLER CONSTRUCTION COMPANY, INC., Appellee (Third Party Defendant Below),

v.

GENERAL TELEPHONE COMPANY OF INDIANA, INC., Appellee (Plaintiff Below).

No. 80A04–8806–CV–206.

Court of Appeals of Indiana, Fourth District.

March 29, 1989.

Donald P. Bogard, Plainfield, for appellant.

Steven J. Moss, T. Jay Curts, Coots, Henke & Wheeler, Carmel, for appellees.

CHEZEM, Judge.

### Statement of Case

Appellant/Public Service Indiana (hereinafter, PSI) appeals the trial court's granting of Appellee/Miller Construction Company, Inc.'s (hereinafter, Miller) motion for summary judgment. PSI also appeals the trial court's entry denying PSI's motion for summary judgment.

We affirm.

### The Issues

1. Whether the trial court erroneously granted Miller's motion for summary judgment by finding that there was no genuine issue of material fact regarding the interpretation of terms of the indemnification clause in the contract between PSI and Miller.

2. Whether the trial court erroneously denied PSI's motion for summary judgment.

### The Facts

On February 15, 1968, PSI and Miller entered into a construction contract, which included an indemnity clause. In Section 7(c) of the contract, Miller agrees to indemnify PSI "from any liability ... caused by, incidental to, or arising out of, the doing of any work ... covered by this agreement."

General Telephone Company of Indiana, Inc. (hereinafter, GTE) filed a suit for damages against PSI on December 19, 1985, alleging that PSI's conductors (electrical wires) fell to the ground in Lafayette, Indiana, on December 22, 1983, causing damage to GTE's underground telecommunications cable.

PSI filed a third party complaint against Miller, the company which, in 1976, erected the lines for PSI pursuant to a contract between PSI and Miller dated February 15, 1968. The sole issue in that third party complaint was the obligation of Miller to defend and indemnify PSI against GTE.

Following discovery, PSI filed a motion for summary judgment against Miller. Miller opposed that motion and filed its cross motion for summary judgment. On January 22, 1988, the trial court heard argument on the motion and cross motion. The court denied PSI's motion and granted Miller's cross motion.

PSI and GTE stipulated to a dismissal; the trial court dismissed with prejudice.

PSI filed a motion to correct errors, which was denied May 18, 1988.

### Discussion

The contract and thus the indemnification clause are subject to general contract law. Several phrases in the contract between PSI and Miller were not defined anywhere in the body of the contract. The general rule dealing with undefined words in contracts is to use the plain meaning of such words. *Kegerreis v. Auto–Owners Ins. Co.* (1985), Ind.App., 484 N.E.2d 976, 983–984.

Miller's argument is that the plain meaning of the contractual phrase "doing of any work" should be construed in light of the fact that the word "doing" is in the present tense and therefore referred only to the work done during the course of construction. Miller also contends that the plain meaning of indemnity agreement was not to guarantee work after the construction job was complete. We agree with Miller.

In light of the entire contract, we believe that Miller did not intend to indemnify PSI into eternity. We believe the indemnity clause referred to only the time during which work was being done—not seven years after it was completed.

We must look to other sections of the contract that may shed additional light on the meaning of the indemnity clause. To properly construe the meaning of the contract, we must look at the contract as a whole. *Kegerreis supra* at 984. Several other clauses in the PSI/Miller contract illuminate the meaning of the indemnification clause:

Section 7(d) [Miller] shall be wholly responsible for all materials and supplies issued by [PSI] for any construction or maintenance ... *until the work is complete and accepted by [PSI]*. [Miller] shall be wholly responsible for any damage to any part of the work which is not completed and accepted by [PSI].

Section 8(a) [Miller] shall procure ... and shall keep in force *until the work is finally completed and accepted* ... insurance against claims for personal injuries or property damage arising out of or in connection with the doing of any work under this agreement ... such *policies ... shall include* a reference to the provisions of *subdivision (c) of Section 7 hereof.* (emphasis added)

When the above sections of the contract are read in conjunction with the indemnity clause it becomes clear that Miller agreed to carry insurance and thereby indemnify PSI only until the work was complete and accepted by PSI.

We also note that Miller, in Section 7 of the contract, agreed to redo any defective work for 180 days after the construction job was complete. Section 7(c) contains the indemnity clause. Since subsections (a) and (c) are grouped under Section 7, the longest length of time PSI could have construed indemnification would have been the 180 days referred to in Section 7(a). However, we do not believe that even a 180–day indemnification is applicable. We hold that viewed in light of the entire contract the plain meaning of the words in Section 7(c), "the doing of any work," meant while Miller was doing the work, Miller would indemnify PSI. As soon as the job was done and accepted by PSI, the indemnification clause expired.

It is also significant that, according to the contract, PSI was to inspect all the work that Miller did. And, in an affidavit by the President of Miller, Raymond Luce, he states that "all work done pursuant to [the contract] was inspected by a representative of PSI, in accordance with the agreement." (R. 383) PSI did not object to nor refute this evidence. We find that once Miller completed the work and PSI accepted Miller's work, PSI also accepted all responsibility for it; the indemnity clause was completed and no longer in effect.

Granting summary judgment for Miller was correct.

The remainder of the trial court's order, the denial of PSI's motion for summary judgment, was also proper.

PSI contends that there is no issue of material fact and that PSI is entitled to judgment as a matter of law. Although there is no issue of material fact, PSI's motion calls for an incorrect ruling. PSI is not entitled to judgment as a matter of law.

Miller argued that the cause of the accident, which remains unknown, is an issue of material fact and therefore PSI's motion for summary judgment should not be granted. The cause of the accident may be at issue, but it is not a material fact. The cause of the accident becomes irrelevant to the outcome of this case with the resolution of the first issue, i.e., whether the indemnification clause was in effect seven years after the job was completed.

For all the above reasons, we affirm the trial court.

CONOVER, P.J., and STATON, J., concur.